OPINION OF THE COURT
Herbert B. Ray, J.
On August 17, 1994 the respondent entered admissions in my courtroom to the allegations in a juvenile delinquency petition which had been filed against him on July 29, 1994 under docket No. D-2324-94. Specifically, he admitted that some two months earlier, he had kicked a person in the mouth. He was aware and consciously disregarded the substantial risk that he would cause physical injury to the man he kicked. In fact, he cut the man’s lip. It was closed with five stitches.
A dispositional hearing has been scheduled and adjourned at the request of the respondent to enable him to make the motion which is presently before me.
The gist of the respondent’s motion is that the court should forego a dispositional hearing entirely in this case because Federal law has so narrowed the dispositional alternatives as to make the result of any hearing we hold a foregone conclusion.
For the reasons which follow, the court denies the motion and directs the scheduling of a dispositional hearing pursuant to Family Court Act § 350.1 within 10 days of entry of this order.
The purpose of a Family Court Act article 3 dispositional hearing is to determine whether the respondent requires supervision, treatment or confinement (Family Ct Act § 352.1). If he does, the court is further obliged to determine the least restrictive method by which to serve the respondent’s needs and best interests as well as the community’s need for protection (Family Ct Act § 352.2). Among the dispositional options available to the court are a conditional discharge, probation and placement (Family Ct Act § 352.2). Placement can be with the respondent’s own family, with private persons or in a home or a facility run by either the Department of Social Services or the Division for Youth.
Respondent’s argument begins with his exhibit A to his motion papers. It is a form letter which was apparently mailed to the respondent’s mother by the Binghamton City School District, dated September 13, 1994. In it, the Committee on Special Education announced that it would recommend *210 "home teaching” as its plan to provide the respondent with "appropriate education in the least restrictive environment” in light of his classification as emotionally disturbed. The balance of the attachments to exhibit A involve testing notes apparently relating to the respondent and an indication that the "home teaching plan” may have been approved at some level.[1]
Under the Federal Individuals with Disabilities Education Act (20 USC § 1400 et seq.), a child who is "seriously emotionally disturbed” is a handicapped child (20 USC § 1401 [a] [1] [A]). In order to qualify for Federal dollars, New York State was obliged to demonstrate that it provided all handicapped children with the right to a "free appropriate public education”.[2] The United States Supreme Court has held that a State satisfies the requirement "by providing personalized instruction with sufficient support services to permit the child to benefit educationally from that instruction. Such instruction and services must be provided at public expense * * * and must comport with the child’s IEP [Individualized Educational Program]” (Hendrick Hudson Dist. Bd. of Educ. v Rowley, 458 US 176, 203 [1982]).
New York enacted a statutory and regulatory scheme to comply with the provisions of the Federal law. Our State "statutes and regulations vest in State educational authorities broad responsibility for tailoring programs to a child’s individual needs in the least restrictive environment, considering the appropriateness of the resources of the regular education program (see, e.g., Education Law §§ 4401-a, 4402, 4403).” (Board of Educ. v Wieder, 72 NY2d 174, 186.)
The respondent asserts that his present IEP features "home teaching”. He urges that any dispositional order entered by the court in connection with his present juvenile delinquency adjudication, which might direct the respondent’s placement outside of his home, would impinge upon his right to a free appropriate education in the least restrictive setting as provided in Federal law.
The respondent has misconstrued the meaning of "least restrictive environment” by taking the phrase out of the context in which it belongs. "Least restrictive environment means that placement of students with disabilities in special *211 classes, separate schools or other removal from the regular educational environment occurs only when the nature or severity of the disability is such that even with the use of supplementary aids and services, education cannot be satisfactorily achieved.” (8 NYCRR 200.1 [x].) It is yet another expression of the clear preference in the law to "mainstream” handicapped children whenever possible (Hendrick Hudson Dist. Bd. of Educ. v Rowley, supra, 458 US, at 202-203). It is a phrase which comes up in the context of an educational placement.
My considerations at a dispositional hearing include more interests than the respondent’s; that is, if I find he is in need of supervision, treatment or confinement I must also consider his community’s interest in protection from him. In other words, my concerns are broader than merely ensuring the respondent is receiving a free appropriate public education.
Based upon the foregoing, it is ordered that the respondent’s motion to have the court forego a dispositional hearing is denied; and it is further ordered that the respondent’s dispositional hearing is scheduled for November 9, 1994 at 10:30 a.m. in Room 500 A of the Broome County Family Court, Justice Building, Binghamton, New York 13901.

. Exhibit A isn’t clear enough for the court to know whether the home teaching plan is proposed or implemented in the respondent’s case.

. The phrase is defined in 20 USC § 1401 (a) (18).